*350
 
 Gaston, Judge.
 

 — A doubt has been suggested, whether
 

 this appeal be properly constituted in this Court. The indictment was quashed for insufficiency at the Spring Term, 1835, of New Hanover Superior Court, and from this judgment the State appealed. The sixth and seventh sections of the act of 1818,
 
 (Rev. ch.
 
 963,) modified by the act of 1824 (Tay.
 
 Rev. ch.
 
 1234,) require, that in all cases of appeal from the Superior to the Supreme Court, the transcript shall be filed within the first seven days of the term next ensuing the appeal; and in this case, the transcript was not filed at the succeeding term, nor until after more than seven days had elapsed of the present term'. On examination, however, of the provisions in those sections, and also of the peculiar provision made in the fourth section for certifying the judgment of this Court in criminal cases to the Superior Courts, wre are constrained to believe, notwithstanding the general terms used, that in
 
 this
 
 enactment, criminal cases were not intended to be comprehended. It is indecent to suppose, that where a conviction has been had in a capital case, or in one of a heinous nature, it could be intended, that the clerk below should proceed
 
 ministerially
 
 .to enforce the sentence appealed from, upon a certificate from the clerk of this Court, that the transcript of appeal had not been filed in time. It would be difficult, moreover, to ascertain what is “ the execution or other proper process” by which
 
 he
 
 can enforce such a sentence. These terms seem applicable only to the enforcing of judgments in civil cases.
 

 It may be, that delays will sometimes occur, by reason of transcripts not being speedily filed in criminal cases, and it is possible, that some legislative action rendering it the duty of the clerks of the Superior Courts to forward the transcripts in due season, as has been done with respect to appeals from the County to the Superior Courts, would be salutary. But on account of this possible inconvenience, we do not feel ourselves authorized to put upon the act a construction which it cannot reasonably bear. It may be also expedient for this Court, as a rule of practice,
 
 *351
 
 where appeals in criminal cases have been delayed beyond a reasonable period, to require* notice to be given to the appellee, so that neither the state nor the defendant may be taken by surprise in the argument of the appeal. In the present case, however, we see no necessity for this course, as we do not desire an argument from the defendant, and we have heard one on the part of the state.
 

 We are of opinion, that the Court below did not err in quashing the indictment, because of its insufficiency. The forms of indictments, like the rules of pleading, have been established with a view, among other purposes, to mark and preserve the distinct jurisdictions of the Court, and the jury. It is highly expedient, for the proper exercise of the latter, and it is essential to the security of the former, that as far as conveniently may be, all
 
 the facts,
 
 which constitute the alleged offence, should be charged; so that when the facts so charged are found to be true,
 
 the Court,
 
 whose duty it is to apply the law, may see
 
 clearly
 
 that an offence cognizable by that law, has been committed. The indictment in this case is just as defective as that which came under the consideration of this Court in the case of
 
 The State
 
 v.
 
 Aldridge
 
 &
 
 Poole,
 
 3 Dev. Rep. 331 on which the judgment was arrested. It differs only in leaving out the epithet “ unlawfully” which in that case was used to characterize the cohabitation charged, and substituting instead of it the allegation “ did commit fornication.” But this substitution makes no material difference. In the case decided, the Court could not know whether the jury did not err in their judgment of what was
 
 unlawful cohabitation,
 
 and in this, had a verdict been rendered for the state, there would have been equal reason to distrust their finding the
 
 offence of fornication.
 
 The facts which make up that offence should be set forth, and there is no difficulty in setting them forth with reasonable certainty.. If the indictment had added, that the individual, with whom the improper connection is charged, was a single woman, or was the wife of another person; or if it had negatived the relation of marriage between her and the defendant, it seems to us, that it would have then contained enough to put the defendant
 
 *352
 
 upon his trial, and to warrant a judgment, had he been found guilty.
 

 A certificate should be sent to the Court below, that it is the opinion of this Court, that the indictment was properly quashed.
 

 Per Curiam. Judgment affirmed.